UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTHA ALVAREZ on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:19-cv-00160 |
| | § § | JURY TRIAL DEMANDED |
| STOCKADE FRANCHISING LP, STOCKADE RESTAURANTS LLC, AND STOCKADE COMPANIES, LLC D/B/A MONTANA MIKE'S STEAKHOUSE, | § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE COMPLAINT**

**SUMMARY**

1. The case implicates Defendants Stockade Franchising LP, Stockade Restaurants LLC, and Stockade Companies, LLC d/b/a Montana Mike's Steakhouse ("Montana Mike's" or "Defendants" collectively) violations of the Fair Labor Standards Act's ("FSLA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage rate.

2. The FLSA requires employers to pay their employees the minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). However, under 29 U.S.C. § 203(m), an employer may take advantage of the "tip credit" in order to meet the federal minimum wage requirement with respect to "tipped employees." *See* 29 U.S.C. § 203(m)(1)-(2). Under this tip credit, an employer may pay a tipped employee as little as $2.13 per hour, but only if the employee still makes the minimum wage when the wages paid and the employee's tips combine to equal at least the minimum wage. In other words, under 29 U.S.C. § 203(m), the employer may claim a credit for an employee's tips to make up the difference between the cash wage of $2.13 per hour the

1

employer pays and the minimum wage the employer owes its wait staff.  *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010).

3. Montana Mike's took advantage of the tip credit.  However, under the FLSA, an employer cannot take advantage of the tip credit unless it complies with the strict requirements of the statute.  *See* 29 C.F.R. § 531.59.  First, the employer must inform an employee in advance of its use of tip credit pursuant to the provisions of § 203(m).  That is, employer must inform the employee of (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice.  *See* 29 C.F.R. § 531.59

4. Additionally, it is illegal for employers to require waiters to share tips with ineligible employees such as food expeditors, kitchen staff, management, or the employer itself.  *See Roussell v. Brinker Intl., Inc.*, 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

5. Montana Mike's violated the FLSA in the following respects:

   a. **3(m) Violation for failure to inform:** Defendants failed to correctly inform the waitstaff of their desire to rely on the tip credit to meet its minimum wage obligations based upon existing company-wide policies;

   b. **3(m) Violation for making illegal deductions that reduced the direct wage of the servers below $2.13/hour:** Defendants' companywide policies forced the waitstaff to purchase work related items directly from Defendants. Additionally, Defendants' companywide policies required their servers to pay for its customer's orders when those customers vacated the restaurant without paying, as well as paying for errors in customer orders.

   c. **3(m) Violation for performing work when clocked out:** Finally, the Plaintiff and Class Members were not provided an uninterrupted meal period and regularly worked during their meal period despite being "clocked out."  Thus, they were not paid for all hours worked, which reduced their regular rate of pay below $2.13 per hour.

6.	As a result of these violations, Montana Mike's has lost its ability to use the tip credit and therefore must compensate its employees at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked.  In other words, Montana Mike's must account to its employees for the difference between the wages they paid and the minimum wage of $7.25 an hour.

7.	Plaintiff Alvarez brings this action on behalf of herself and on behalf of all other similarly situated employees ("Class Members") to recover the unpaid wages owed to them by Montana Mike's pursuant to 29 U.S.C. § 216(b).

8.	Plaintiff also prays that similarly situated waitstaff of Montana Mike's be notified of the pendency of this action to apprise them of their rights and to provide them an opportunity to join this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

9.	This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

10.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

11.	Plaintiff Martha Alvarez is an individual residing in New Braunfels, Texas.  Her written consent form is attached hereto as Exhibit "A."

12.	The Class Members are the current and former waitstaff employees that worked for Defendants during the three year period prior to the institution of this action.

13. Defendant Stockade Franchising L.P. is a foreign limited partnership doing business in Texas. Said Defendant can be served with process through its registered agent, Tommy Ford, at 113 E. Third Street, Taylor, Texas 76574.

14. Defendant Stockade Restaurants LLC is a foreign limited liability company doing business in Texas. Said Defendant can be served with process through its registered agent, Tommy Ford, at 113 E. Third Street, Taylor, Texas 76574.

15. Defendant Stockade Companies LLC d/b/a Montana Mike's is a foreign limited liability company doing business in Texas. Said Defendant can be served with process through its registered agent, Doug Frieling, at 1611 Chisholm Trail, Suite 210, Round Rock, Texas 78681.

16. This Court has personal jurisdiction over Defendants because each business does business in Texas, hires Texas residents, contracts with Texas residents, and owns or leases property in Texas.

17. Defendants operate over 14 restaurants in six states, including two restaurants in Texas.

## **FLSA COVERAGE**

18. At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

19. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

20. At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

21. At all material times, Plaintiff and Class Members were employees engaged in the commerce or the production of goods for commerce.

22. At all material times, Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(r)(1). That is Defendants perform related activities through unified operation and common control for a common business purpose.

23. Defendants operate a statewide chain of restaurants under the name Montana Mike's under the control of the same senior level management. Indeed, the restaurants advertise themselves as a unified entity through the same website.

24. Defendants represent themselves to the public as one restaurant operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.

25. Defendants operate under a unified business model and part of that unified business model is the wage violations alleged in this Complaint.

26. Thus, Defendants formed a "single enterprise" and are jointly liable for the violations of the other.

## FACTS

27. Defendants operate over 14 restaurants in six states, including two restaurants in Texas.

28. Plaintiff worked as a waitress for Defendants from July 2012 to October 2017 in New Braunfels, Texas.

29. Defendants have employed over 500 waitstaff personnel similar to Plaintiff during the past three years.

30. Defendants violated the FLSA's tip credit provision, 29 U.S.C. § 203(m), in the following manner.

31. First, Defendants' wait staff personnel were not given proper notice of the tip credit under the law.

32. Second, Defendants required that the waitstaff personnel purchase specific uniform items and uniform related expenses that were necessary to perform their jobs for Defendants. The costs for these items were not reimbursed by Defendants.

33. Moreover, Defendants had a company-wide policy that required its waiters/waitresses to pay for errors in customer orders and when patrons exited the restaurant without paying their tabs. "Any arrangement whereby a tipped employee agrees that part of his or her tips become the property of the employer is inconsistent" with the FLSA's tip credit provisions. *See* DOL Wage & Hour Opinion Letter, 2006 WL 1910966 (June 9, 2006). "The FLSA does not permit an employer to transfer to its employees the responsibility for the expenses of carrying on an enterprise." *Reich v. Priba Corp.*, 890 F.Supp. 586, 596 (N.D. Tex. 1995) (citing 29 C.F.R. § 531.3(d)(2) & 29 C.F.R. § 531.32(c)).

34. Defendants' practice of requiring Plaintiff and Class Members to pay a portion of their wages back for customer walkouts or cash register shortages violates the FLSA and invalidates Defendants' ability to claim the tip credit.

35. Plaintiff paid for such "walk outs' with her own tips on at least three occasions while she worked for Defendants.

36. Moreover, despite the fact that the Plaintiff and Class Members were "clocked out" during their meal period, they were still required to work. In fact, they were still required to tend to their tables and serve customers. Thus, they did not have an uninterrupted meal period.

Employers are not allowed to deduct time from employees' pay when a meal period is not *completely uninterrupted*.

37.     Due to the violations outlined above, each of which is independently sufficient, Defendants lost the ability to claim the tip credit toward minimum wage. As a result, Plaintiff and Class Members were not paid at the federally mandated minimum wage for every hour that they worked.

38.     Moreover, Defendants knew about the requirements of the FLSA and the restrictions under the law, but intentionally chose to disregard them. Consequently, Defendants' actions were "willful" under the law.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff bring this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as waiters, servers, or in substantially similar positions within three (3) years from the commencement of this action to the present..

40.     Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated Class Members exists who have been subjected to the same policies with respect to the payment of the minimum wage and overtime.

41.     The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

42.     Plaintiff and Class Members labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the same rules.

43.     The names and address of the Class Members of the collective action are available from Defendants' records. To the extent required by law, notice will be provided to these

individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

44.     Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

45.     As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former waitstaff, servers, and all workers in substantially similar positions employed by Defendants in the three years preceding the filing of this action to the present.**

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS
### FAILURE TO PAY THE MINIMUM WAGE
### (COLLECTIVE ACTION)

46.     Plaintiff incorporates the preceding paragraphs by reference.

47.     This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage in association with their illegal use of the tip credit.

48.     Defendants' practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.  Likewise, Defendants' automatic meal deduction violates the FLSA because it results in Plaintiff and Class Members receiving less than the minimum wage.

49.     Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.  To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO MAINTAIN RECORDS
(COLLECTIVE ACTION)

50. Plaintiff incorporates the preceding paragraphs by reference.

51. Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours, pay, and deductions in violation of the FLSA. 29 U.S.C. § 211(c).

52. Federal law mandates that an employer is obligated to maintain three (3) years of payroll records and other records containing, among other things, the following information, pursuant to 29 C.F.R. §§ 516.2 and 516.5:

a. The time of day and day of week an employee's work begins;

b. The regular hourly rate of pay for any work week in which overtime compensation is due under 29 U.S.C. § 207(a);

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment, which, pursuant to 29 U.S.C. § 207(e) of the FLSA is excluded from the regular rate;

e. The hours worked each workday and the total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium and overtime compensation;

g. The total premium for overtime hours;

h. The total additions to or deductions from wages paid each pay period;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period;

k. The date of payment and the pay period covered by the payment.

53. Plaintiff has not asserted this violation as a claim for affirmative relief, but merely to inform Defendants that Plaintiff will be seeking to meet their burden under the FLSA by producing sufficient evidence to show the amount and extent of work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery, Co.*, 328 U.S. 680, 687 (1946).

## WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(B)

54. Plaintiff and Class Members are entitled to receive the difference between the federal minimum wage of $7.25 per hour and the tip credit adjusted minimum wage for each hour they worked.

55. Plaintiff and Class Members are entitled to reimbursement for all illegal deductions.

56. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid minimum wage as liquidated damages.

57. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

58. Plaintiff is also entitled to recover her attorney's fees and costs, as required by the FLSA.

## JURY DEMAND

59. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

60. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

a. All unpaid wages and minimum wage compensation unadulterated by the tip credit;

b. An equal amount of their unpaid wage as liquidated damages;

c. All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

d. An order requiring Defendants to correct their pay practices going forward;

e. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

f. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

        Respectfully submitted,

        KENNEDY HODGES, L.L.P.

By: */s/ Don Foty*
    Don J. Foty
    dfoty@kennedyhodges.com
    Texas Bar No. 24050022
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS